[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CONTEMPT DATED JANUARY 13, 2002 (#137)
The motion is denied for the following reasons:
1. The plaintiff does not have the power to prevent the defendant from having access to the medical records of their minor child. The defendant has the power to enforce his rights directly with the doctors.
2. The dissolution judgment provides that the defendant shall be entitled to claim the minor child as a tax exemption in odd numbered years "as long as he is meeting his financial obligations under this Agreement." The court interprets this to mean that the defendant would be entitled to the exemption for 2001 if he was current in his financial obligations under the agreement on December 31, 2001.
The parties agree that the defendant was current in his child support payments on December 31, 2001. However, the plaintiff testified that the defendant was in default in his payment of unreimbursed medical expenses on December 31, 2001 and that this default had existed for several months. The plaintiff paid unreimbursed medical expenses for their daughter during 2001. She sent copies of two of these bills to the defendant in June 2001 and sought reimbursement of $254.80 as provided in the judgment. This represents 70% of the portion of the bills not covered by insurance. These bills were also shown to the defendant at a mediation with Family Services. The defendant has not reimbursed the plaintiff for his share of the unreimbursed medical expense. The defendant does not claim to have made the reimbursement. Instead, he takes the position that his only obligation is to make payments directly to the doctors; he claims to have no obligation to reimburse the plaintiff if she pays for medical expenses which are not paid by insurance. The defendant has been attempting to prove his point by failing to reimburse the plaintiff, and CT Page 4642 by pointing to the fact that there are no unpaid balances with the doctors. Well, there were no unpaid balances because they had been paid by the plaintiff. There is no support for the defendant?s position in the judgment. Furthermore, the only practical way to handle this situation is for one party to pay the entire co-pay and then seek reimbursement from the other party.
The defendant also claimed that the issue of his responsibility for unreimbursed medical expenses had already been litigated in his favor in a proceeding in the Magistrate Court. A review of the Magistrate Court proceedings indicates that on January 30, 2002 the court (Bentivegna, J.) found that the defendant was not in contempt of court. This finding related back to a motion for contempt dated July 19, 2001 in which the plaintiff and State of Connecticut alleged that the defendant was in arrears on his child support in the amount of $462.00 (6 weeks at $77.00 per week). The motion for contempt did not include allegations of a default in unreimbursed medical expenses. Therefore, the Magistrate's finding of "no contempt" on January 30, 2002 is not a judicial finding that the defendant does not owe the plaintiff for unreimbursed medical expenses.
The court finds that on December 31, 2001 the defendant was in arrears on payment of unreimbursed medical expenses. Therefore, he was not meeting his financial obligations under the terms of the dissolution judgment. For this reason he is not entitled to the tax exemption for 2001. Thus, the plaintiff is not in contempt of court for taking the exemption for 2001.
____________________ Pickard, J.